## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY FOUNTAIN, | : | |
| Petitioner, | : | |
| vs. | : CIVIL ACTION NO. 05-0683-CG-C | |
| UNITED STATES OF AMERICA, | : CRIMINAL ACTION NO. 02-0252-CG | |
| | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court

pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on

petitioner Terry Fountain's notice of appeal (Doc. 118), application for

certificate of appealability (Doc. 119), and application to appeal *in forma*

*pauperis* (Doc. 120). Based upon a thorough review of these pleadings, and all

other pertinent pleadings in this case, it is recommended that petitioner's

request for a certificate of appealability ("COA") be denied. It is further

---

[1]      Since this recommendation is made after a referral pursuant to 28 U.S.C. §
636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*,
152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days
to file written objections with the district court."). The Clerk is therefor directed to refer this
matter to the District Judge for her consideration without the necessity of a waiting period.

recommended that Fountain's application for leave to appeal *in forma pauperis* be denied on the basis that it is not taken in good faith and that he be required to pay the filing fee pursuant to 28 U.S.C. § 1915(b).

## BACKGROUND

Terry Fountain, a federal prisoner, was adjudged guilty, following a trial by jury, of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine. (*See* Doc. 31) Petitioner was sentenced to concurrent 360-month terms of imprisonment as to Counts 1 and 2 on July 8, 2003. (*See* Doc. 50) Fountain filed written notice of appeal that same date, July 8, 2003. (Doc. 51)  The Eleventh Circuit Court of Appeals affirmed petitioner's convictions and sentences on March 4, 2004; however, the judgment of that court was not issued as mandate until August 19, 2004. (*See* Doc. 83)

On November 16, 2005, Fountain filed a  motion to vacate, set aside or correct his sentence. (*Compare* Doc. 87 *with* Doc. 107, at 2) By order dated July 20, 2007, the Court granted the respondent's motion to dismiss Fountain's § 2255 petition as time-barred. (*See* Doc. 107) Petitioner filed notice of appeal (Doc. 108) and an application for certificate of appealability (Doc. 109) on September 27, 2007. The motion for certificate of appealability was denied on

September 28, 2007. (Doc. 110) On October 24, 2007, the Eleventh Circuit dismissed Fountain's appeal "for want of prosecution because the appellant has failed to pay the $450 docketing and $5 filing fees ($455) to the district court clerk within the time fixed by the rules[.]" (Doc. 112)

Some fifteen months after the appellate court dismissed the foregoing appeal, that is, on January 29, 2010, Fountain filed a Rule 60(b)(6) motion claiming that this Court's failure "to issue a show cause order as to the Government's claim that he was time-barred from filing a Section 2255 [petition]" amounts to a defect in the integrity of the federal habeas proceeding thereby denying him "a full and fundamentally fair habeas proceeding." (Doc. 116, at 4, 5 & 7) Petitioner's motion was denied by endorsement on February 4, 2010. (Doc. 117)

> The motion is premised on the argument that the court did not require petitioner to show cause why his 2255 petition should not be dismissed as untimely before actually dismissing the petition. The record demonstrates that once the Government filed its motion to dismiss the 2255 petition as untimely, petitioner requested an extension of time to reply to that motion, and subsequently filed a reply, arguing that the time should have been tolled. He therefore had an opportunity to present and did present whatever grounds he chose in response to the Government's motion to dismiss. The motion for reconsideration is DENIED.

(*Id.* (internal citation omitted)) It is from this endorsed order that Fountain now

seeks to appeal and for issuance of a certificate of appealability with respect

to this question: "**Did the District Court err by failing to relieve judgment**

**of Petitioner's Section 2255 on the basis that the failure to issue a show**

**cause order denied Petitioner due process of law?**" (Doc. 119, at 2

(emphasis in original)) In other words, Fountain seeks a certificate of

appealability in order to appeal the denial of his Rule 60(b)(6) for relief from

this Court's order of July 20, 2007, dismissing his motion to vacate under 28

U.S.C. § 2255 as time-barred.

### DISCUSSION

      **A.**    **Certificate of Appealability.**   As petitioner has undoubtedly

recognized, before he can appeal this Court's decision denying his Rule

60(b)(6) motion, a certificate of appealability must issue. *See, e.g., United*

*States v. Hardin,* 481 F.3d 924, 926 (6th Cir. 2007) ("[A petitioner] must

obtain a certificate of appealability before his appeal of the denial of his Rule

60(b) motion can be heard."); *Jackson v. Crosby*, 437 F.3d 1290, 1294-1295

(11th Cir.) ("It is still the law of this circuit that 'a certificate of appealability

is required for the appeal of any denial of a Rule 60(b) motion for relief from

a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'"), *cert.*

*denied sub nom. Jackson v. McDonough*, 549 U.S. 908, 127 S.Ct. 240, 166

L.Ed.2d 189 (2006).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[G]iven the typically procedural nature of rulings on Rule 60(b) motions," *Clay v. Smith*, 2010 WL 438401, *3 (10th Cir. 2010),[2] it is cleat that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"); *cf. United States v. Marizcales-Delgadillo*, 243 Fed.Appx. 435, 438-439 (10th Cir. 2007) ("In the habeas context, a petitioner seeking a COA to challenge the denial of a true Rule 60(b) motion on procedural grounds must satisfy a two-part test by

---

[2]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

showing '"that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."'"). Stated differently, and as explained by the Eleventh Circuit in *Jackson, supra,* "in cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims, such as this one, a petitioner will be granted a certificate of appealability 'only if [he] makes *both* a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong.'" 437 F.3d at 1295 (citations omitted; emphasis in original); *see also id.* ("These two 'substantial showings,' both procedural and substantive, mean that it must be 'debatable among reasonable jurists' both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong.").

The Supreme Court made clear in *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), that in order to justify the reopening of a final judgment "a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances[,]'" and, further, that "[s]uch circumstances will rarely occur in the habeas context." *Id*. at 534, 125 S.Ct. at 2649 (citations

6

omitted). Fountain contends in his Rule 60(b)(6) motion that before this Court

dismissed his § 2255 motion as time-barred it should have issued an order that

petitioner show cause why his petition should not be dismissed as time barred.

(*See* Doc. 116)[3] Petitioner, of course, could have raised such an issue on direct

appeal of the dismissal of his § 2255 motion but he did not; instead, while

petitioner initiated such an appeal he abandoned same by failing to pay the

appropriate filing fees ordered by the appellate court. The undersigned agrees

with the Tenth Circuit that "[a]llegations of error that could have been raised

on direct appeal generally are not the sort of extraordinary circumstances that

entitle a litigant to relief under Rule 60(b)(6)." *United States v. Marizcales-*

*Delgadillo, supra*, 243 Fed.Appx. at 440 (citations omitted); *see also United*

*States v. Cleaver*, 319 Fed.Appx. 728, 730-731 (10th Cir. 2009) ("Because

Cleaver could have asserted, but did not assert, the procedural objections of

which he now complains in those post-judgment motions, and especially as

part of his direct appeal, he cannot now argue that he is entitled to relief from

---

[3]      As pointed out by Judge Granade in her February 4, 2010 endorsed order denying
Fountain's Rule 60(b)(6) motion, petitioner's argument in this regard is specious inasmuch as
her decision dismissing the § 2255 motion as time-barred was not entered until after petitioner
filed a substantive response to the government's motion to dismiss and therein argued that the
time should have been tolled. In other words, there was no reason to enter a show cause order
because petitioner had the opportunity to address the government's position that his § 2255
petition was time-barred and, in so doing, argued that the time should have been tolled.

the district court's judgment under Rule 60(b)(6)."), *cert. denied*, __ S.Ct. __, 2010 WL 596858 (2010); *cf. Gonzalez, supra,* at 537-538, 125 S.Ct. at 2651 ("[I]n one of the cases in which we explained Rule 60(b)(6)'s extraordinary-circumstances requirement, the movant had failed to appeal an adverse ruling by the District Court, whereas another party to the same judgment had appealed and won reversal. Some years later, the petitioner sought Rule 60(b) relief, which the District Court denied. We affirmed the denial of Rule 60(b) relief, noting that the movant's decision not to appeal had been free and voluntary, although the favorable ruling in the companion case made it appear mistaken in hindsight." (internal citations omitted)). Accordingly, the undersigned concludes that reasonable jurists could not find it debatable that this Court erred in denying Fountain relief under Rule 60(b)(6) from its earlier decision denying petitioner's § 2255 motion or that the issue presented in the motion is not adequate to deserve encouragement to proceed further.

In light of the foregoing, it is recommended that petitioner's Motion for Certificate of Appealability (Doc. 119) be **DENIED**.

**B. Petitioner's Motion to Proceed on Appeal *In Forma Pauperis*.**

A determination whether petitioner's motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and

Fed.R.App.P. 24. *See Ex parte Chayoon*, 2007 WL 1099088, *2 (M.D. Fla.

2007) (citation omitted).  Section 1915(a) provides, as follows:

> (1)     Subject to subsection (b), any court of the United
> States may authorize the commencement, prosecution or defense
> of any suit, action or proceeding, civil or criminal, or appeal
> therein, without prepayment of fees or security therefor, by a
> person who submits an affidavit that includes a statement of all
> assets such prisoner possesses that the person is unable to pay
> such fees or give security therefor. Such affidavit shall state the
> nature of the action, defense or appeal and affiant's belief that
> the person is entitled to redress.
>
> (2)     A prisoner seeking to bring a civil action or appeal
> a judgment in a civil action or proceeding without prepayment
> of fees or security therefor, in addition to filing the affidavit
> filed under paragraph (1), shall submit a certified copy of the
> trust fund account statement (or institutional equivalent) for the
> prisoner for the 6-month period immediately preceding the filing
> of the complaint or notice of appeal, obtained from the
> appropriate official of each prison at which the prisoner is or
> was confined.
>
> (3)     ***An appeal may not be taken in forma pauperis if***
> ***the trial court certifies in writing that it is not taken in good***
> ***faith.***

*Id*. (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate

Procedure further provides, in relevant part:

> **(1) Motion in the District Court.**  Except as stated in
> Rule 24(a)(3), a party to a district-court action who desires to
> appeal in forma pauperis must file a motion in the district court.
> The party must attach an affidavit that:
>
> > **(A)** shows in the detail prescribed by Form

4 of the Appendix of Forms the party's inability
to pay or to give security for fees and costs;

> **(B)** claims an entitlement to redress; and

> **(C)** states the issues that the party intends
> to  present on appeal.

**(2) Action on the Motion.** If the district court grants the
motion, the party may proceed on appeal without prepaying or
giving security for fees and costs, unless a statute provides
otherwise. If the district court denies the motion, it must state its
reasons in writing.

*Id.*

The test for whether an appeal is taken in good faith under § 1915(a) is

whether the litigant seeks appellate review of any issue that is not frivolous.

*Chayoon, supra*, at *1 (citation omitted). "[A]n appellant's good faith

subjective motivation for appealing is not relevant, but rather [the appropriate

inquiry is] whether, objectively speaking, there is any non-frivolous issue to

be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, *1 (S.D.

Ohio 2008); *see also Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct.

917, 921, 8 L.Ed.2d 21 (1962).

This Court has thoroughly addressed the pertinent issues, and, therefore,

the undersigned cannot now find, objectively speaking, that there is any non-

frivolous issue to be litigated on appeal. Accordingly, it is recommended that

the District Judge deny Fountain's motion to proceed *in forma pauperis* on appeal (Doc. 120) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

## CONCLUSION

It is recommended that petitioner's notice of appeal (Doc. 118) and application for certificate of appealability (Doc. 119) be **DENIED** because reasonable jurists could not find it debatable that this Court erred in denying Fountain relief under Rule 60(b)(6) from its earlier decision denying petitioner's § 2255 motion or that the issue presented in the motion is not adequate to deserve encouragement to proceed further. It is further recommended that the District Judge deny petitioner's application to proceed *in forma pauperis* on appeal (Doc. 120) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**DONE** this the 9th day of April, 2010.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**