## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs.   ) | CRIMINAL NO. 02-00252 -CG |
| ) | |
| TERRY FOUNTAIN,   ) | |
| ) | |
| Defendant.   ) | |

## ORDER

This matter is before the Court on Defendant's second Motion to Modify Term of Imprisonment pursuant to 18 USC § 3582(c)(1)(B) (Doc. 142), the United States' Response (Doc. 146) and Defendant's Reply (Doc. 149). For the reasons set forth below, the motion is denied.

In his motion, Defendant again asks the Court to reduce his sentence based on § 404 of the First Step Act of 2018, which permits a court to reduce a sentence for a covered offense as if the Fair Sentencing Act of 2010 was in effect as the time the offense was committed. The Fair Sentencing Act changed the quantity of crack cocaine necessary to apply certain statutory mandatory minimum and maximum sentences. Section 2 of the Act amended 21 U.S.C. § 841(b)(1)(A) and (B) by replacing the 5 grams or more threshold with 28 grams or more, and the 50 grams or more threshold with 280 grams or more.

The Court agrees with the United States that, generally speaking, successive motions for relief under § 404 are prohibited if a previously filed

1

motion was denied "after a complete review of the motion on the merits." First Step Act of 2018, Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018). While this Court's ruling on the previous motion was on the merits, the Court writes here to address Defendant's assertions on the implication of the jury's finding on drug amount. Defendant points out that several documents in the record of this case incorrectly state that the jury found the amount of crack cocaine involved in the offense was 1.5 kilograms. The 1.5 kilogram amount was actually the amount of crack cocaine attributed to the defendant by the presentence report and the Court's finding of relevant conduct.[1] The jury's verdict found only that more than 50 grams of crack cocaine were involved in the offense. See Doc. 72 at p. 120 (PageID#480). This finding by the jury set the statutory sentencing minimum and maximum amounts. At the time the defendant was sentenced," more than 50 grams of crack cocaine" meant the minimum mandatory sentence was 10 years imprisonment and the maximum was life imprisonment. After enactment of the Fair Sentencing Act, the "more than 50 grams" finding set the minimum mandatory at 5 years and the maximum at 40 years.

Recalculating the defendant's Guidelines range by addressing only the changes in the Fair Sentencing Act, the Court finds that the Guidelines call for a sentencing range of 292 to 365 months. The 360-month sentence

---

[1] The Court notes that at sentencing, the defendant withdrew his objection to the finding of 1.5 kilograms of crack cocaine in determining the base offense level. See Sentencing Transcript, Doc. 74 at p. 8 (PageID#512).

imposed is still within the revised Guidelines range, and the Court declines to revisit the reasoning set forth in its previous order denying a reduction in the sentence, which order was affirmed on appeal.

The motion is **DENIED**.

**DONE** and **ORDERED** this 20th day of April, 2023.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE
